IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN NANNI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LIMESTONE MC ENTERPRISES, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | Case No: |

## COMPLAINT

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues LIMESTONE MC ENTERPRISES, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

4.  MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, LIMESTONE MC ENTERPRISES, LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, known as Mill Creek Shopping Center, generally located at 4541 Kirkwood Hwy and 4579 Kirkwood Hwy, Wilmington, DE 19808 ("the Property").[1]  The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a shopping plaza, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. NANNI has visited the Property several times during the past year, with his most recent visit being in December 2021. He regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

11. During these visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

---

[1] The Property referenced herein is made up of two parcels: Parcel # 0804410390 (Crossroads Restaurant) & Parcel # 0804410392 (Mill Creek Shopping Center). Both parcels are owned by Defendant.

12. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

Crossroads Restaurant Parcel:

A. There are four (4) disabled use parking spaces near the front entrance to the Crossroads Restaurant. However, Plaintiff encountered difficulty because none of these parking spaces are fully accessible for various reasons. For example, two of the four spaces completely lack an adjacent access aisle. The other two spaces share a short access aisle which is less than five feet wide. The spaces also all have signage which is mounted too low where it is obstructed by parked vehicles. These issues made it very difficult for Plaintiff to safely utilize these parking spaces to transfer into and out of his vehicle and increased his risk of a fall.

B. Moreover, Plaintiff encountered difficulty because none of the disabled use parking spaces at the front entrance have dimensions wide enough for van access parking. This made it very difficult for Plaintiff to safely utilize these parking spaces to transfer into and out of his vehicle and increased his risk of a fall.

C. Plaintiff encountered difficulty with the curb ramp near the front entrance because it improperly protrudes into the access aisle of the disabled use parking spaces. Additionally, the ramp lacks edge protection or side flares. These issues

made it difficult for Plaintiff to maneuver over the ramp without falling over the narrow sides of the ramp.

Mill Creek Shopping Center Parcel:

    A.    Plaintiff encountered inaccessible disabled use parking spaces throughout the Property due to built-up curb ramps protruding into access aisles, excessive slopes within the spaces and their access aisles, pavement in disrepair, missing and low signage, and a lack of full width access aisles near Salad Works, Cuzino's Pizza and Blinds To Go. These issues made it more difficult for Plaintiff to locate a disabled use parking space and forced him to utilize extra caution loading and unloading from his vehicle to avoid the heightened risk of a fall on the excessive slopes.

    B.    Plaintiff encountered inaccessible curb ramps throughout the Property between the disabled use parking spaces and the Property sidewalk due to excessive slopes, ramps which are not flush, pavement in disrepair and ramps which improperly protrude into disabled use parking spaces. This forced Plaintiff to utilize extra caution maneuvering from his parked vehicle to the Property sidewalk and increased his risk of a fall on the unsafe ramps.

    C.    Plaintiff encountered inaccessible routes throughout the Property due to excessive sidewalk slopes, cross slopes and pavement in disrepair. This issue caused Plaintiff difficulty and required that he use extra caution to avoid a fall while maneuvering throughout the Property.

    D.    Plaintiff encountered an inaccessible entrance to the suite (formerly occupied by Geico Insurance) due to a lack of pull side clearance at the alcove of

the doorway. Consequently, it was impossible for Plaintiff to pull open the door to enter.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above-described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: January 13, 2022                   Respectfully Submitted,

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
*Of Counsel*
750 Shipyard Drive
Suite 200
Wilmington, DE 19801
Tel.: (302) 656-5445
Fax: (302) 656-5875
E-Mail: davy@jcdelaw.com

-and-

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976